Francis Huot *vs.* Henry Wise, impleaded, etc.

August 4, 1880.

**Recovery against One, in Action against Several, for enticing away Plaintiff's Wife.**—In an action against several for enticing away the wife of the plaintiff, though the complaint allege a conspiracy between defendants to entice her away, a recovery may be had against one defendant, though no conspiracy or cause of action against the other defendants be proved.

**Same—Wife an Incompetent Witness.**—A wife may be a witness against her husband, without his consent, only in the cases specified in the statute. She cannot be in an action by him against a defendant for enticing her away, though the defence be based on alleged ill-treatment of the wife by her husband.

**Same—Damages.**—Damages *held* not excessive.

Evidence *held* sufficient to sustain the verdict.

Appeal by defendant Henry Wise from an order of the district court for Wabasha county, *Mitchell*, J., presiding, refusing a new trial after verdict against him of $1,800. Appellant was sued jointly with Elizabeth Wise and Gustave Wise, and the action was dismissed at the trial as to the last named defendants.

*Brown & Steel* and *Doughty & Card*, for appellant.

*Stocker & Matchan* and *W. J. Hahn*, for respondent.

Gilfillan, C. J. The wrong done in this case was enticing plaintiff's wife to leave him. The conspiracy alleged is not the gist of the action, but was alleged merely to connect all

the defendants with the wrong, and to charge all with the acts of each in effecting the alleged common purpose. But the case stands like any tort alleged to have been committed jointly by two or more defendants. A recovery may be had against the one proved to be guilty, although the action may fail as to the others. Had any prejudice to the defendant as to whom the action was retained been feared from evidence admitted of the acts and declarations of those as to whom it was dismissed, the proper course was to ask the trial court to strike out that evidence, or to instruct the jury to disregard it. There was abundant evidence to support the verdict against Henry Wise. There is nothing in the evidence to indicate that the damages are excessive.

Was the plaintiff's wife a competent witness for the defendant and against her husband, he not consenting to it? For the mere fact that he testified to the relations, feelings, conduct and demeanor of himself and wife towards each other, while it would amount to consent, if his consent were required to these matters being investigated through competent proof, certainly cannot be taken as his consent to the removal of a disability to testify on the part of any witness who may be offered against him. The question is simple. Is this a case in which the husband or wife may, without consent, be a witness against the other? Upon this the statute seems conclusive. Gen. St. 1878, *c.* 73, § 10. "* * * A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent; nor can either, during the marriage or afterwards, be, without the consent of the other, examined as to any communication made by one to the other during the marriage; but this exception does not apply to a civil action or proceeding by one against the other, nor to a criminal action or proceeding for a crime committed by one against the other."

If this statute merely laid down the rule disabling the husband and wife from testifying for or against each other, it might be urged that it was only a statutory adoption of the

common-law rule, and that it adopted also the common-law application of the rule, including the exceptions. But it also prescribes the application of, and defines and limits the exceptions to, the rule of disability. This excludes resort to the common law to determine how far the rule shall prevail, and what cases shall be excepted from it. So it is immaterial that the common law did or did not—though we know of no well-considered case holding that it did—admit the evidence of a wife against her husband, in a case like this. The statute does not.

Judgment affirmed.