E. G. BERRYHILL v. JOHN W. HEALEY.[1]

June 5, 1903.

Nos. 13,383—(34).

### Summons—Substituted Service.

Under G. S. 1894, § 6113, jurisdiction of the court does not depend upon its being made to appear at the time of filing the complaint that the defendant is absent from the county, in order to make substituted service of the summons, but jurisdiction depends upon the fact of such absence; and, if the summons was duly issued and served, it was not error to permit the complaint to be amended at the time of the trial to show the fact of such absence.

### Consent to Subletting.

A lease provided that the premises conveyed should not be sublet without the consent of the lessor expressed in writing on the back thereof. *Held*, the lease, showing absence of such written consent, is prima facie evidence of the fact that no consent was given.

[1] Reported in 95 N. W. 314.

Plea of Not Guilty.

> The oral plea of not guilty is, under G. S. 1894, c. 84, sufficient for the purpose of putting in issue merely the allegations of the complaint; but if it is desired to defend by setting up new matter by way of excuse, justification, or avoidance, then it must be by written answer, as in other civil actions. *Held* error to strike out the plea of not guilty, and to try the cause as upon default.

Appeal by defendant from a judgment of the municipal court of Minneapolis, Holt, J. Reversed and new trial granted.

*Bond & Armstrong*, for appellant.

*James D. Shearer*, for respondent.

LEWIS, J.

Action in unlawful detainer and for restitution, commenced in the municipal court of Minneapolis. Complaint was filed April 8, 1902, at which time a summons was issued, returnable April 15. The summons was served on the date of its issuance by leaving a duly attested copy thereof with a suitable person at defendant's usual place of abode, as provided by G. S. 1894, § 6113. Upon the return day, April 15, defendant appeared specially and moved to dismiss the action, upon the ground that no personal service of the summons was ever made on him, and upon the ground that it did not appear by the complaint, or otherwise, at the date the summons was issued, that he was absent from the county. Prior to making a ruling on the motion, the court permitted plaintiff to amend the complaint by stating that at the time of making it defendant was absent from the county. The motion was then denied, and thereupon defendant entered the oral plea of not guilty, and demanded jury trial. The cause was then adjourned until April 18, at which time the parties appeared, and plaintiff moved that defendant be declared in default, for the reason that no answer had been filed. The court granted the motion, struck out the plea of not guilty, and declared defendant in default for want of an answer. Restitution of the premises was claimed on the ground that, in re-renting the premises, defendant had violated the terms of the lease, which provided that they should not be relet without the lessor's written consent on the back thereof. The cause was tried by the court without a jury, and the court

found that the covenants of the lease were violated by subletting without consent, and judgment for restitution was duly entered.

1. It is provided by G. S. 1894, § 6113, that, if it appears at the time of the making of the complaint that the person against whom it is made is absent from the county, substituted service of the summons may be made by leaving a certified copy at his usual place of residence. Jurisdiction does not depend upon its being so made to appear at the time of filing the complaint, but depends upon the fact of such absence; and if the summons was duly issued and served, as in such case provided, jurisdiction was acquired, and it was not error to permit the complaint to be amended to show the fact of absence.

2. In order to prove that the premises were sublet without consent of the lessor, as provided by the contract, the plaintiff introduced in evidence the lease which showed that no consent had ever been made in writing, as provided. This made out a prima facie case, because it was the specific method provided by the contract; and, when it was shown that that method had not been complied with, the burden shifted to the defendant to prove that consent had been given in some other manner.

3. The forcible entry and unlawful detainer act (G. S. 1894, c. 84) is not clear with respect to the manner of answering the complaint. The complaint is required to be in writing. Section 6116 provides for a fine when the defendant is found guilty. Section 6124 provides that amendments may be allowed at any time before final judgment to the same extent as in civil actions. And section 6125 states that all matters in excuse, justification, or avoidance of the allegations in the complaint shall be set up in the answer. The last two sections above referred to would imply that all the pleadings on behalf of defendant should be by way of written answer, while it may be inferred from section 6116 that an issue may be made by the oral plea of not guilty. The statute apparently recognizes both the civil and criminal features of the proceeding, and probably the legislature intended to adopt from the common law the practice of permitting an oral plea of not guilty where it is intended to merely put in issue by a general denial the allegations of the complaint. Originally such plea was confined to

cases of forcible entry and unlawful detainer, and afterwards, when the procedure was enlarged to provide for a restitution of the premises, the proceedings assumed, in part, a civil character; and, in construing our statute upon the subject, we must give due consideration to the various provisions, and we think, in order to be consistent, it should be held that it is proper to put in issue the allegations of the complaint by an oral plea of not guilty.

No distinction seems to be made between the civil and criminal branches of the proceeding. If a defendant desires to do more than merely enter a general denial to the complaint, and proposes to set up matters constituting a defense by way of new matter in mitigation or otherwise, then, under section 6125, the answer must be in writing. This would be the case whether the action were based on forcible entry or unlawful detainer or for restitution. The oral plea in such cases has been recognized and adopted in various courts of this country, among which may be noted Raymond v. Bell, 18 Conn. 81; McKinney v. Hartman, 4 Iowa, 153; Galligher v. Connell, 23 Neb. 391, 36 N. W. 566. Considering the history of this proceeding, and the general trend of authorities, we have concluded to place this construction upon the statute, and hold that in any action in forcible entry and unlawful detainer, when the defendant desires simply to deny the allegations of the complaint, the verbal plea of not guilty is sufficient, but if he proposes to go farther, and defend by setting up new matter by way of excuse, justification, or avoidance, then he must proceed as in other civil actions, and file and serve an answer, in order that the opposing party may have notice of the issues presented. For this reason the court was in error in striking out the plea of not guilty, and in trying the cause upon the theory that defendant was in default.

Judgment reversed and new trial granted.