HENRY JENNING v. AUGUST ROHDE and Another.[1]

November 9, 1906.

Nos. 14,892—(39).

**Money Lent—Evidence.**

Action for recovery of money loaned. Answer, general denial. Evidence was admissible on the part of the defense that the money was paid as a gift. It was unnecessary to plead facts which directly contradicted the allegations and proofs of the opposite party.

**Same.**

Statements made by appellant to a third party that he had given his son-in-law $1,400, and intended to give him $600 more, and that he was

[1]Reported in 109 N. W. 597.

worth $52,000, were admissible in evidence as admissions characterizing the nature of the payments.

**Parent and Child.**

In the absence of fraud or undue influence, a voluntary payment of money by a parent to his children will be presumed to be a gift. No error was committed in instructing the jury upon the questions of the burden of proof, presumption, and the intention of the donor.

Action in the district court for Redwood county to recover alleged loans of $200 and $1,235. The case was tried before Webber, J., and a jury, which returned a verdict in favor of defendants. From an order denying a motion to vacate and set aside the verdict and to grant a new trial, plaintiff appealed. Affirmed.

*Albert Hauser* and *Somerville & Olsen,* for appellant.

*Thos. E. Davis* and *A. C. Dollif,* for respondents.

LEWIS, J.

Respondents are husband and wife, and Ida Rohde is the daughter of appellant. The action was commenced to recover the sums of $200 and $1,235, respectively, alleged to have been loaned to respondents by appellant. The answer is a general denial. At the trial respondents admitted having received the money, but contended it was a gift. A verdict was returned for respondents.

1. Appellant, having been called as a witness in his own behalf, was asked the following question on cross-examination by respondents' counsel:

Q. Didn't you say, after you had been to the farm and were going back—Didn't Mr. Zano say to you, "I wish I had a rich father-in-law like that," * * * and didn't you say, "I am going to give him $600 more; I am worth $52,000?"

Objected to as irrelevant and immaterial. Later on in the trial Mr. Zano was called as a witness on behalf of respondents, and the following offer of proof was made in writing:

We offer to show by this witness, C. A. Zano, that in June, 1903, plaintiff said to him: "My son-in-law lives over there and is poor. I gave him $1,400, and I am going to give him $600 more. * * * I am worth $52,000."

Objected to as incompetent, irrelevant, and immaterial, and too remote from the time of the alleged gift. The question put to appellant was asked for the purpose of laying the foundation for impeachment. The objection to it was that the subject-matter referred to an entirely collateral matter, not the proper subject for impeachment and was prejudicial, although the witness answered it in the negative. From Mr. Zario's testimony it appears that in June, 1903, he was riding with appellant by the place where respondents resided, and that appellant entered into a general conversation with him regarding them, during which the statements referred to were made. It was competent to prove any admissions of appellant which reasonably tended to indicate the intention with which he gave respondents the money. The statement that he had given his son-in-law $1,400, and was going to give him $600 more, had a reasonable tendency to characterize the nature of the previous payment, and, while the other declaration that he was worth $52,000 was not immediately connected with the previous statement as to point of time, it was during the same ride and a part of the same general conversation on the subject. Whether the subject-matter of the conversation was irrelevant and too far removed to form the proper basis of impeachment need not be determined; the declarations having been properly received as admissions.

2. During the cross-examination of appellant, who testified in his own behalf, he was shown exhibits 5 and 6, and denied the signatures. Later in the trial, the assessor of the township in which appellant resided was called as a witness and testified that the signatures attached were made by appellant, whereupon the papers were received in evidence over objections, and the witness testified as follows:

> In the year 1904 did you ask Mr. Jenning if he did not have $1,400 loaned out to Mr. Rohde? A. Yes, sir. Q. What did he say? A. No; he gave his money to his children. Q. He said, "No, that he gave his money to his children"? A. Yes, sir.

Later on the witness testified that appellant said he had given his money all away to his children. The instruments referred to by the assessor were the sworn statements of appellant as to his taxable prop-

erty, and were admissible as bearing upon the issue. Tuckwood v. Hanthorn, 67 Wis. 326, 30 N. W. 705.

3. After stating the issue on trial, the court instructed the jury as follows:

> Now, if the jury find from the evidence that the plaintiff donated this sum of $200 and that he paid these four notes by Herman Rohde without any request from the defendants, and there is no evidence that they, or either of them, requested him to pay them, then the plaintiff cannot recover.

This is assigned as error upon the ground that it implied that appellant could not recover unless he had been requested by respondents to pay the notes. That portion of the charge excepted to was to the effect that, if the jury should find that the money paid by appellant for the purpose of taking up the Herman Rohde notes was voluntarily paid, then he could not recover. A voluntary payment is not a loan, and, when considered in connection with the entire charge and the evidence, the above excerpt was not misleading.

4. Appellant objected to the introduction of any evidence to prove a gift, on the ground that it was inadmissible under the pleadings. It is unnecessary to plead facts which directly contradict the allegations and proofs of the opposite party. There was no confession and avoidance in the defense that the money was paid as a gift and not as a loan. Hanson v. Diamond Iron M. Co., 87 Minn. 505, 92 N. W. 447; Loftus-Hubbard Ele. Co. v. Smith-Alvord Co., 90 Minn. 418, 97 N. W. 125.

5. As to the burden of proof and presumption, the court charged that the law will raise the presumption of a gift from parent to child from circumstances where it would not be presumed between strangers, and that it requires less positive evidence to establish a delivery of a gift from a father to his children than it does between persons who are not related. This part of the charge may be considered in connection with the following of appellant's requests, which were refused:

> 1. To constitute a valid gift the delivery must be made with present intention of making a gift and complete renunciation of title to the property; a mere delivery of property without such intention passes no title.

2. In order to support a gift to a person standing in a con-fidential relation to the giver, the evidence must show in the clearest and most unequivocal manner that the donor well understood the transaction, and that it was his deliberate and voluntary act.

It is necessary to consider some of the circumstances surrounding the case in determining whether the court submitted the case upon proper rules of law. All parties concerned were farmers. Herman Rohde, father of respondent August Rohde, owned one hundred sixty acres of land upon which there was a mortgage of about $1,800, and this farm he agreed to give his son whenever he, August Rohde, would pay off the incumbrance. Appellant is the father of respondent Ida Rohde, and knew of the incumbrance and the contemplated gift of Herman Rohde to his son. $1,235 of the amount involved was paid the bank for the express purpose of taking up part of those notes which had become due. The incumbrance was removed, and the farm was thereafter deeded by Herman Rohde to his son. There is nothing in the record to indicate that respondents exercised any undue influence over appellant in securing the money, and there is no foundation for any charge of fraud. The money was paid without taking any receipt, or anything to indicate that it was intended otherwise than as a voluntary payment, and it is the general rule, in the absence of fraud or undue influence, that a voluntary payment by a parent to a child will be presumed to be a gift. It is true that the circumstances attending all such transactions should be carefully scrutinized in order to ascertain whether there has been undue influence or fraud, but, no fraud or undue influence appearing, the presumption is in favor of the validity of the gift. Towson v. Moore, 173 U. S. 17, 19 Sup. Ct. 332, 43 L. Ed. 597; Yeakel v. McAtee, 156 Pa. St. 600, 27 Atl. 277; Smith v. Montgomery's Admr., 5 T. B. Mon. (Ky.) 502; Bauer v. Bauer, 82 Md. 241, 33 Atl. 643.

The trial court correctly instructed as to the question of presumption. Although the first of appellant's requests is abstractly correct, it was not error to refuse it because the same idea had already been covered by the general instructions. If the payments were made as a loan, then there was no intention to make it otherwise, and vice versa. The

jury could not have been misled upon the question of intention simply because the court did not use that express word. As to the second request, it does not embody correct principles of law. It was not necessary that the contention of respondents be supported by the clearest and most unequivocal evidence.

Order affirmed.