### JOHN C. SODINI v. HARRY GABER.[1]

May 24, 1907.

Nos. 15,243—(96).

**Pleading—Answer.**

It is not necessary affirmatively to plead in defense facts which tend only to contradict the allegations of the complaint. All such facts may be shown under a general denial.

**Same—Forcible Entry and Detainer.**

Matters in "excuse, justification, or avoidance," required by the forcible-entry statute to be pleaded, are such as constitute "new matter" under the general practice act.

**Evidence.**

Evidence tending to show that the relation of landlord and tenant did not exist between the parties, the same being the basis of the complaint for restitution of the premises, *held* admissible under defendant's plea of not guilty in forcible entry proceedings, and to have been erroneously excluded.

Appeal from a judgment of the municipal court of Minneapolis in favor of plaintiff, entered pursuant to the findings and order of Waite, J. Reversed.

[1] Reported in 111 N. W. 962.

*George B. Leonard,* for appellant.
*Ernest S. Cary,* for respondent.

BROWN, J.

Proceedings in forcible entry and unlawful detainer for the restitution of certain premises, claimed to be wrongfully detained by defendant. Plaintiff had judgment in the court below, and defendant appealed.

The complaint alleges that at the time stated therein plaintiff leased and let to defendant the premises in question for the term of one month, "and from month to month thereafter from the 3d day of July, 1906," at the agreed rental of $150 per month; that defendant entered into the possession of the premises under the lease, and was occupying the same thereunder at the time of the commencement of the action, but had failed and refused to pay the stipulated rent, and refused, also, to surrender possession of the premises to plaintiff.

Defendant interposed a plea of not guilty, and at the trial offered evidence tending to show that his occupancy of the premises was under and by virtue of a copartnership agreement between the parties, by which they were jointly conducting a museum therein; that his possession was under this copartnership agreement, and not otherwise, and for the purpose of conducting the affairs thereof. The terms of this agreement, as disclosed by the proffered evidence on the trial, did not require of defendant the payment of rent; plaintiff being compensated for the use of the premises by a division of the profits of the business. The court below excluded all this evidence, on the ground that the facts were not pleaded in defendant's answer. The only question presented to this court is whether this ruling was error.

The basis of the proceeding and the ground upon which plaintiff demands judgment of restitution of the premises is the alleged relation of landlord and tenant and defendant's failure to pay the stipulated rent. In order to entitle plaintiff to recover, it was necessary to establish by competent evidence the facts so alleged; for the plea of not guilty was equivalent to a general denial, and put them in issue. Berryhill v. Healey, 89 Minn. 444, 95 N. W. 314. Evidence was offered for this purpose, and was sufficient, uncontradicted, to establish

the relation so alleged. Defendant then offered the proof already referred to, which was held inadmissible because not specially pleaded. The ruling of the court was error. The rule of evidence on this subject is correctly stated in Dunnell, Pl. § 439, as follows: "Under a general denial, defendant may give evidence tending to disprove any fact which the plaintiff is bound to prove in order to recover. * * * He is not limited to matters of mere denial, but may prove affirmative matter, if it is inconsistent with the allegations of the complaint." This statement is very comprehensive, and is sustained by numerous decisions of this court. Within the rule it is not necessary affirmatively to plead facts which tend only to contradict the allegations of the complaint. All such facts may be shown under the general issue. Hanson v. Diamond Iron Mining Co., 87 Minn. 505, 92 N. W. 447.

Matters in "excuse, justification, or avoidance," required by the forcible entry statute to be pleaded, are such as constitute "new matter" under the general practice act, to which the rule of Craig v. Cook, 28 Minn. 232, 9 N. W. 712, applies. In this case the excluded evidence tended directly to disprove the allegations of plaintiff's complaint, and was admissible, not as a basis for affirmative or equitable relief by way of an accounting, as suggested by counsel for plaintiff, but as defensive matter. If the relation of landlord and tenant did not exist between the parties respecting these premises, and the true relation was that of a copartnership, as claimed by defendant, plaintiff could not recover. Defendant's evidence, if true, would defeat the action, and that would end the matter so far as the municipal court is concerned.

Judgment reversed.