THEODORE G. SPANGENBERG v. HARRY S. CHRISTIAN.[1]

February 10, 1922.

No. 22,634.

**Appeal and error—omission to move for directed verdict.**

1. One who has not moved for a directed verdict before the case was submitted to the jury is not in a position to claim error on appeal because the court below refused to order judgment notwithstanding the verdict.

**Alienation of affections—admissible evidence.**

2. In this action for the alienation of the affections of plaintiff's wife, evidence was permissible of declaration made by the wife indicating to the witness that her affections for plaintiff had vanished before

[1]Reported in 186 N. W. 700.

she knew defendant, but the court correctly ruled that her recital of plaintiff's treatment of her was inadmissible.

**Rulings on evidence.**

3. Other rulings on exclusion of evidence were proper.

**Evidence sufficient to prove defendant liable.**

4. The evidence is ample to show that defendant wilfully caused the loss to plaintiff of his wife's affections.

**Punitive damages.**

5. There was no error in submitting the question of punitive damages to the jury, nor in charging that compensation for injury to the feelings could be made.

**Failure to ask for instructions.**

6. No instruction was requested on the subject of mitigation of damages, and there can be no error assigned upon the failure to instruct thereon.

**New trial.**

7. There was no abuse of discretion in denying a new trial on the ground of newly discovered evidence.

Action in the district court for Hennepin county to recover $25,-000 for alienation of wife's affections. The case was tried before Leary, J., and a jury which returned a verdict for $10,000. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, if plaintiff consented to a reduction of the verdict to $7,500, defendant appealed. Affirmed.

*Donald L. Pomeroy* and *Jamison, Stinchfield & Mackall*, for appellant.

*L. W. Crawhall*, for respondent.

HOLT, J.

For the alienation of his wife's affections the jury awarded plaintiff damages in the sum of $10,000. On defendant's motion for judgment notwithstanding the verdict or a new trial, an order was made denying judgment but granting a new trial unless plaintiff

consented to a reduction of the verdict to $7,500. Plaintiff consented. Defendant appeals.

That part of defendant's motion which was for judgment non obstante could not be considered in the court below, and cannot here, for there was no motion for a directed verdict at the close of the evidence. The appeal is therefore limited to the question whether the court erred in denying a new trial.

Rulings upon the admissibility of testimony are assigned as erroneous. It is plain that the exclusion of an answer to a question inquiring as to the reason why the witness went out with his brother does not call for a reversal. There was no offer to show what facts the answer was expected to bring out, and the question itself did not suggest that any material or relevant evidence was called for. The court ruled that witnesses might testify to what they had heard plaintiff's wife tell as to how she felt towards her husband, but not to what she had told as to his treatment of her. This evidence related to a time long prior to plaintiff's and his wife's acquaintance with defendant. In Luick v. Arends, 21 N. D. 614, 643, 132 N. W. 353, the court states: "Her declarations may be admitted to the effect that she does not love her husband, but her declarations of facts or reasons to justify or explain her lack of love are inadmissible and hearsay, the same as a statement to a third party without the presence of the husband that the husband did or said a certain thing." The purpose of defendant in offering the testimony was, no doubt, to show that plaintiff had lost his wife's affections prior to her acquaintance with defendant, and for such purpose declarations as to her feelings were admissible, under the rule stated, but her recital to a witness of plaintiff's treatment of her would be pure hearsay. Ample opportunity was given to offer direct proof of the treatment plaintiff subjected his wife to before she met defendant. The jurors were not kept in ignorance either as to plaintiff's conduct toward his wife, or towards other women. As to the latter, complaint is made because testimony was excluded as to certain matters which took place within two months of the trial, that is, after the time covered by the pleadings and after defendant's alleged wrong had been consummated. We think there was no error here.

It is earnestly contended that the evidence fails to show that defendant was the cause of plaintiff being deprived of his wife's affection and companionship. The evidence has been examined and found ample to sustain the verdict in that respect. It would serve no useful purpose to give a resume of the testimony concerning defendant's conduct towards plaintiff's wife. It is enough to say that defendant and his wife separated before the actual rupture between plaintiff and his wife. The jury had ample foundation for the inference that defendant was the moving cause for breaking up of both homes. His visits to plaintiff's home, when plaintiff was away, were so frequent and prolonged as to attract the attention of the neighbors, as did also the numerous automobile trips of the two. Plaintiff was working for defendant during most of the time, and the latter knew when the former was in the shop, and the coast clear to his home. Repeated express promises by defendant to cease his attentions to plaintiff's wife were made, according to plaintiff's testimony, and immediately broken. Defendant's denials were faint, to say the least.

The verdict is assailed as excessive. We cannot disturb it as modified and approved by the learned trial court, who cannot be accused of being biased in the premises. The amount of the damages in actions of this nature cannot be measured by any set standard. It must rest largely in the sound common sense of the jury. We fail to find anything in the record that would tend to incite the jury to passion or prejudice. In Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350, a verdict for $23,000 was apparently not even questioned as excessive.

There was no error in submitting the question of punitive damages. White v. White, 140 Wis. 538, 122 N. W. 1051, 133 Am. St. 1100. Nor in charging that the jury should compensate for injury to plaintiff's feelings in being deprived of the society and affections of his wife. French v. Deane, 19 Colo. 504, 36 Pac. 609, 24 L. R. A. 387.

We cannot reverse for failure to charge that the jury should consider in mitigation of damages the character and conduct of plaintiff in respect to his marriage obligations, and the extent to which

he had thereby lost the love and companionship of his wife, for there was no request to instruct on that subject, or any suggestion as to a desire in that direction.

The request for a new trial on the ground of newly discovered evidence rested to a large extent in judicial discretion. We see nothing in the showing to indicate that in denying the request there was an abuse of this discretion. Moreover, the evidence which defendant proposed to adduce was largely cumulative, and for that reason alone justified the court's order.

Order affirmed.