## MILDRED A. KLEBER v. EMILY ALLIN.[1]

November 24, 1922.

No. 22,995.

**Alienation of husband's affections—verdict sustained.**

1. Evidence *held* sufficient to sustain a verdict for plaintiff in an action by a wife for the alienation of the affections of her husband.

**Refusal to give request to jury without prejudice.**

2. A refusal to give a requested instruction, *held* to be without prejudice when considered in the light of the general charge.

**What plaintiff must prove in order to recover.**

3. To enable plaintiff to recover for the alienation of the affections of her husband, it must appear that the defendant's wrongful acts and intentional conduct were the controlling cause which led to the estrangement.

**Exemplary damages recoverable in case of malice.**

4. A wife, in an action for the alienation of her husband's affections, may recover exemplary damages where it appears from the proofs that the defendant's acts were malicious.

Action in the district court for Ramsey county to recover $25,000 for alienation of affection of plaintiff's husband. The case was tried before Hale, J., who when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which

[1]Reported in 190 N. W. 786.

returned a verdict for $4,750. From an order denying defendant's motion for judgment notwithstanding the verdict and denying a new trial on condition that plaintiff consented to a reduction of the verdict to $3,500, defendant appealed. Affirmed.

*Eloi Bauers* and *Louis L. Collins*, for appellant.

*Stan D. Donnelly*, for respondent.

QUINN, J.

Action to recover for alienation of husband's affections. A verdict of $4,750 was returned in favor of plaintiff, which the trial court reduced to $3,500. From an order denying defendant's alternative motion for judgment or a new trial, this appeal was taken.

The appellant contends that there was not sufficient evidence in the case to justify a verdict in favor of respondent, and that the court erred in its instructions to the jury. The rule is well settled in this state that either the husband or wife may maintain an action for the alienation of the affections of the other, where it appears that the defendant's wrongful and intentional conduct was the controlling cause which led to the estrangement. Lillegren v. William J. Burns I. D. Agency, 135 Minn. 60, 160 N. W. 203, L. R. A. 1917B, 679. The gist of such an action is the loss of the society, affections, assistance and conjugal fellowship of the estranged spouse. While it is true that, to render a person liable to one spouse for enticing away the other, the defendant must have been the procuring cause of the estrangement, the accused cannot, as a general rule, be held liable where the deserting spouse left the other of his or her own free will, without any inducement on the part of the defendant. 13 R. C. L. p. 1464. In this class of cases the motives actuating the different parties become a material subject for consideration, and the testimony bearing thereon must necessarily take a pretty wide range. However, in the instant case we have read the testimony with care and consider it amply sufficient to support a finding for the plaintiff. The plaintiff and her husband lived together before the wrongful acts on the part of the defendant began. There is no suggestion that any act of the plain-

tiff contributed to the estrangement. The sufficiency of the proof to sustain the action, in our opinion, was a question for the jury.

There was testimony tending to show that the plaintiff and her husband were married in June, 1917; that they lived happily together at Melrose for 11 months; that the husband then entered the United States naval service, where he remained until discharged in April, 1919; that during a portion of that time he was stationed at Brooklyn and the plaintiff lived with him there; and that the rest of the time she lived with her sister in St. Paul. Upon his discharge from the navy, they went to her sister's in Nebraska for a few weeks. Then they returned to St. Paul and he bought into the Lee Employment Company, where he had an office. They lived together in a nice apartment until April, 1921, when he abandoned his home and they never lived together since. In December, 1920, the husband's attitude toward plaintiff began to change. He treated her less considerately, remained from home until late hours, failed to take her out, showed her no signs of affection, neglected to come to his meals, and by January, 1921, he began to remain away over night and over the week ends. At the time of the trial plaintiff was 26 years of age, her husband was a little older, and the defendant about 30. The defendant was a divorced woman, lived in Minneapolis, was unemployed, kept an automobile and was apparently in easy circumstances. She and plaintiff's husband, so the testimony states, became acquainted during the winter of 1920. They had some business deals and she began going to his office. While in his office he was seen kissing her. She would take him riding in her automobile. He was with her often at her home and they conversed over the telephone as to his bringing eatables for their evening meal. The chapter of revelation is a long one, and it will serve no good purpose to further pursue it here. It is sufficient to repeat that it sustains the finding of the jury. The defense was a mere denial of the testimony of the plaintiff and her many witnesses. The husband was absent from the trial.

Exception is taken to the refusal of the trial court to give certain requested instructions. A careful reading of the charge of the court will disclose that the issues of the case were fully and clearly sub-

mitted to the jury, and we are unable to discover therein anything prejudicial to the rights of the defendant. The refusal to charge as requested was clearly without prejudice.

In estimating the damages in cases of this character, each case must be determined by the attending circumstances, the motive of the intervening parties, the existing state of the affections of the spouses at the time of the alleged wrongful acts of the defendant, as well as all other direct and proximate losses occasioned by the acts complained of, and if the injury was wanton and maliciously inflicted, punitive damages may be awarded. Lockwood v. Lockwood, 67 Minn. 476, 70 N. W. 784; White v. White, 140 Wis. 538, 122 N. W. 1051, 133 Am. St. 1100; Miller v. Pearce, 86 Vt. 322, 85 Atl. 620, 43 L. R. A. (N. S.) 332. We are not satisfied that the damages awarded plaintiff were excessive. Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350; Lockwood v. Lockwood, supra.

Affirmed.