# F. W. BUFF v. FRANK SCHAFER AND OTHERS.[1]

## January 11, 1924.

## No. 23,615.

**Unlawful detainer not open to receiver of mortgaged land in possession of heir of mortgagor.**

1. In an action to foreclose a mortgage, where the mortgagor had died leaving a widow and children as his heirs at law, a receiver was appointed to take possession of the land mortgaged. The widow, as administratrix of her husband's estate and in her own right, was a party to the action, but the children were not. Prior to the appointment of the receiver, one of the children took possession of the land. *Held* that the receiver could not recover possession by resorting to unlawful detainer proceedings.

**Defenses open to heir in possession.**

2. The answer contained a general denial and pleaded as a further defense that the defendant was in possession under a lease from the administratrix. *Held* that defendant was not limited to the lease in justifying his retention of possession, but might also assert a right of possession as heir of the deceased mortgagor.

**Necessary parties to action.**

3. The heirs of a deceased mortgagor are necessary parties to an action to foreclose the mortgage.

Action in justice court by a receiver against Frank Schafer and his wife and another to obtain restitution of certain premises. From a judgment in favor of plaintiff, defendants appealed to the district court for Hennepin county where the appeal was heard by Salmon, J., who denied defendants' motion to dismiss and granted plaintiff's motion to affirm the judgment in justice court. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

*Goldman & Halpern* and *Louis B. Schwarz*, for appellants.
*Clyde F. Bort*, for respondent.

[1]Reported in 196 N. W. 661.

LEES, C.

This action was begun before a justice of the peace under the forcible entry and unlawful detainer statute, to recover possession of 120 acres of land in Hennepin county. Plaintiff had judgment and the defendants appealed to the district court, where plaintiff again prevailed. Defendants Frank and Lillian Schafer have appealed from a judgment for the restitution of possession of the land.

The farm was owned by Andrew Schafer and was mortgaged by him and his wife to Francis H. Deziel. Schafer is dead and Eva, his wife, is the administratrix of his estate. Frank Schafer is his son, and Lillian is Frank's wife. After Andrew's death, Deziel foreclosed the mortgage by advertisement. Before the year of exemption expired, Eva Schafer, asserting that the foreclosure was void, commenced an action against Deziel in the district court of Hennepin county to set aside the foreclosure sale. Deziel answered and, by way of counterclaim, asked that his mortgage be foreclosed in that action. It appears that Andrew Schafer had several children. None of them were parties to the action between their mother and Deziel. While it was pending Deziel applied for the appointment of a receiver to take possession of the farm, collect the rents and profits, and make necessary repairs on the buildings. Plaintiff was appointed receiver on March 16, 1923. Neither Frank nor his wife had notice of or were parties to the proceeding which resulted in the appointment of the receiver, although they were in possession of the farm under a lease for a year from Eva. The lease was dated September 7, 1922, and the rent to be paid was $800, for which Frank gave his note to his mother. A few days after his appointment, plaintiff demanded possession of the land. Frank refused to surrender possession, whereupon this action was begun.

The facts we have outlined do not bring the case within any of the provisions of the forcible entry and unlawful detainer statute, sections 7657, 7658, G. S. 1913, as construed in Mastin v. May, 127 Minn. 93, 148 N. W. 893, Ann. Cas. 1916C, 493. If the appellants had no right to withhold possession from the receiver, his remedy was an action of ejectment, for which a proceeding under these sec-

tions of the statute is not a substitute. O'Neill v. Jones, 72 Minn. 446, 75 N. W. 701.

Citing Bartleson v. Munson, 105 Minn. 348, 117 N. W. 512, counsel for the receiver asserts that in effect the action became one of ejectment because it was tried de novo in the district court. In the case cited and in Ferguson v. Kumler, 25 Minn. 183, which it follows, it appeared that the title to land was involved and the case was certified to the district court as directed by section 7536, G. S. 1913. This was not done in the instant case. It could not have been done because no question of title was involved. There was nothing to try except the issue as to the right of possession. It would seem, therefore, that Mastin v. May should have been followed and the proceeding dismissed.

But, this aside, there is another and a better reason why the receiver cannot prevail. He has never had possession of the land. Appellants' possession antedated his appointment. They are not his tenants, are not in possession under him, and are not in default in the payment of rent. Conceding that he might have successfully prosecuted this action against Eva Schafer, it does not follow that he can prevail as to appellants. One to whom a surviving mortgagor demises the mortgaged land while a foreclosure suit is pending, probably gets no better right of possession than the mortgagor enjoyed, but does it follow that the heirs of the deceased mortgagor do not occupy a better position?

In the instant case the heir's rights came by way of inheritance from his father. He was not a party to the foreclosure suit. Subject to his mother's rights, individually or as administratrix, he is entitled to the possession of the land. The heirs of a deceased mortgagor are necessary parties to an action to foreclose the mortgage. Hill v. Townley, 45 Minn. 167, 47 N. W. 653. If not joined, they are not affected by the decree or the sale. 19 R. C. L. pp. 534, 557. If the mortgagor died seized of the mortgaged estate, they are indispensable parties. It is not enough to make the administrator a party. 2 Jones, Mortgages, § 1414. The reason is that on the death of the owner of land, the land immediately descends to his heirs, together with the right of possession, the administrator taking

neither title to the land nor an interest therein except the right to take possession during administration if he sees fit to do so. 1 Dunnell, Minn. Dig. § 2722; Dunnell, Prob. Law, 77. Here the widow and administratrix let her son into possession under the lease she gave him. Conceding that the lease amounted to nothing, he nevertheless had a right to retain possession as one of the heirs of the deceased mortgagor. To dispossess him was to deprive him of a property right he enjoyed as an heir. He could not be deprived of it by a decree of foreclosure in an action to which he was not a party. Manifestly an interlocutory order appointing a receiver could not invest the receiver with greater rights than the mortgagee could gain by final judgment in a foreclosure suit.

Counsel for the receiver contends that in their answer appellants pleaded the lease from the administratrix to justify their refusal to surrender possession and that they must stand by their pleading. But the answer also contains a general denial, the lease being pleaded as new matter in the nature of an additional justification for the detention of possession. In Berryhill v. Healey, 89 Minn. 444, 95 N. W. 314, it was held that, if the defendant in an unlawful detainer proceeding merely desires to put in issue the allegations of the complaint, he may enter an oral plea of not guilty, which is the equivalent of a general denial, but, if he desires to do more and set up new matter in defense, he must answer in writing and plead the new matter. The effect of a general denial in an unlawful detainer proceeding is the same as in ordinary cases; the defendant may give evidence under it which will tend to disprove anything the plaintiff must prove in order to recover. Sodini v. Gaber, 101 Minn. 155, 111 N. W. 962. We hold that the receiver cannot recover possession in an action such as this.

Judgment reversed.