EINAR J. GJESDAHL v. FRED A. HARMON.[1]

October 26, 1928.

No. 26,753.

**Evidence admissible under general denial in action for alienating affections.**
1. In an action for alienation of affections defendant may show, under a general denial, that the alienation resulted from plaintiff's own misconduct.

**In action for alienating affections neither spouse can testify as to communications from the other.**
2. The statute prohibits either husband or wife from testifying, without the consent of the other, to any communication from one to the other made during the marriage; and this prohibition applies in actions for alienation of affections.

**When burden of proof is not on defendant in such action.**
3. As the defense was a denial of all the charges and not in the nature of confession and avoidance, the burden of proof was upon plaintiff; and there was no error in refusing to charge that the burden was upon defendant to show the good faith of his acts.

Husband and Wife, 30 C. J. § 1003 p. 1135 n. 10; § 1004 p. 1135 n. 23.
Trial, 38 Cyc. p. 1749 n. 98.
Witnesses, 40 Cyc. p. 2353 n. 4.

Plaintiff appealed from an order of the district court for Koochiching county, Hughes, J. of the eleventh judicial district acting for a judge of the fifteenth judicial district, denying his motion for a new trial. Affirmed.

*George H. Lommen,* for appellant.

*William V. Kane, Jevne & Blomholm* and *Frank Palmer,* for respondent.

TAYLOR, C.

Action for damages for alienating the affections of plaintiff's wife. The answer was a general denial. The jury returned a verdict for defendant, and plaintiff appealed from an order denying a new trial.

[1]Reported in 221 N. W. 639.

Plaintiff rests his appeal mainly upon the claim that evidence of his own misconduct was not admissible unless specially pleaded, and that the court erred in admitting such evidence under the general denial. He concedes that with this evidence before them, it is not surprising that the jury returned a verdict against him.

Beginning with Bond v. Corbett, 2 Minn. 209 (248), and continuing to the present time, it has been the unvarying rule in this state that under a general denial any evidence is admissible which directly tends to controvert the allegations denied or the evidence offered in support of such allegations. Numerous decisions to that effect are cited in 5 Dunnell, Minn. Dig. (2 ed.) under § 7574. We mention only a few. In Hanson v. Diamond I. M. Co. 87 Minn. 505, 507, 92 N. W. 447, it is said:

"The rule is very thoroughly settled that any evidence which tends directly to contradict allegations of a pleading to which it is interposed is admissible under a general denial. Matters in confession and avoidance must, of course, always be affirmatively pleaded; but facts which tend to directly contradict and dispute allegations and proofs of the opposite party may be proved under a general denial, and need not be specially pleaded."

In Christianson v. C. St. P. M. & O. Ry. Co. 61 Minn. 249, 252, 63 N. W. 639, it is said:

"Matters which admit the act, but avoid its effect, or discharge the obligation, cannot be given in evidence under the general denial. On the other hand, if the evidence offered * * * did not admit the act alleged, * * * but tended to disprove the act, it was admissible, and the court erred in excluding it, for any facts may be proved under a general denial, although apparently new matter, which, instead of admitting and avoiding, tend to disprove, those alleged by the opposite party. Such facts support the denial."

In Sodini v. Gaber, 101 Minn. 155, 157, 111 N. W. 962, the court said:

"The rule of evidence on this subject is correctly stated in Dunnell, Pl. § 439, as follows: 'Under a general denial, defendant may give evidence tending to disprove any fact which the plaintiff is bound to prove in order to recover. * * * He is not limited to matters of mere denial, but may prove affirmative matter, if it is inconsistent with the allegations of the complaint.' This statement is very comprehensive, and is sustained by numerous decisions of this court. Within the rule it is not necessary affirmatively to plead facts which tend only to contradict the allegations of the complaint. All such facts may be shown under the general issue."

In Hodgson v. Mather, 92 Minn. 299, 100 N. W. 87, it is held that a general denial puts in issue not merely the specific averments set forth in the complaint, but all inferences of fact implied by law therefrom.

In Loftus-Hubbard Elev. Co. v. Smith-Alvord Co. 90 Minn. 418, 97 N. W. 125, it was held that under a general denial the individual defendant could prove that he signed the instrument sued upon as an officer of the corporation defendant and not individually. In Jenning v. Rohde, 99 Minn. 335, 109 N. W. 597, an action for money loaned, it was held that a general denial permitted proof that the money was a gift and not a loan, and that there was no confession and avoidance in making such proof. In La Framboise v. Day, 136 Minn. 239, 161 N. W. 529, L. R. A. 1917D, 571, plaintiff alleged title as son and heir of one La Framboise. It was held that under a general denial defendant could controvert that claim by proof that plaintiff's mother had been divorced from La Framboise several years before plaintiff's birth.

In actions for alienation of affections it is always competent for the defendant to show that the alienation resulted from other causes than his acts. He may show that it resulted from mistreatment of the wife by the plaintiff. The question whether evidence to prove such mistreatment is admissible under a general denial does not appear to have been previously raised in this court; but the question has been raised in other jurisdictions, and that such evidence is admissible under the general issue seems to be well established.

In Cutter v. Cooper, 234 Mass. 307, 316, 125 N. E. 634, 637, the declaration contained two counts. The first charged alienation of affections; the second charged criminal conversation. Defendant interposed a general denial. The court said that the pleadings raised issues concerning "all the contributing causes flowing either from the conduct of the plaintiff or of the defendant." And further said: "It was not necessary for the defendant to set up special matter in his answer to raise all these issues. They were open under the general denial."

In Annarina v. Boland, 136 Md. 365, 379, 111 A. 84, 89, the action was brought by the wife. The defendant pleaded the general issue. The trial court charged that misconduct of the plaintiff was no bar to the action. The court held this instruction error, saying that the plaintiff's misconduct might have been the procuring cause of the loss of her husband's affections, and if in fact the alienation and separation were occasioned by her misconduct and not by any act of the appellant the latter was not responsible.

In Jenkins v. Chism, 25 Ky. L. 736, 76 S. W. 405, an action brought by the wife, the answer contained a general denial and also a second paragraph alleging that the separation was caused by plaintiff's fault. The trial court sustained a demurrer to the second paragraph. The court held that this was not error because evidence that the separation was caused by plaintiff's fault, if competent, could be introduced under the general denial.

In Scott v. O'Brien, 129 Ky. 1, 110 S. W. 260, 16 L. R. A. (N. S.) 742, 130 A. S. R. 419, an action by the wife, the defendant interposed a general denial. The court held [at p. 9] that the defendant was entitled to put in issue "both the fact of alienation and the cause thereof," and under the general denial could present any evidence tending to show that the alienation resulted from other causes than the acts of the defendant.

In Bergman v. Solomon, 143 Ky. 581, 584, 136 S. W. 1010, the answer was a denial of the allegations of the petition. The court granted a new trial on other grounds, but directed the trial court to instruct the jury at the new trial:

"That if the proximate cause of the trouble between the plaintiff and his wife was not the alienation of her affections from him by the defendant, but the plaintiff's own mistreatment of his wife and abuse of her, they should find for the defendant."

That evidence to prove such facts was admissible under a general denial does not seem to have been questioned in the above case.

In Parker v. Newman, 200 Ala. 103, 106, 75 So. 479, the court dismissed the matter of pleading the relations between the husband and wife with the statement that:

"Defendant had the benefit, under the general issue, of the matter sought to be specially pleaded."

In Barnes v. Tibbitts, 164 Mich. 217, 221, 129 N. W. 42, the court said:

"The court was not in error in allowing evidence on the part of defendant, under the general issue, tending to show the state of the wife's mind and affections towards the plaintiff, and his treatment of her."

In Baird v. Carle, 157 Wis. 565, 567, 147 N. W. 834, the defendant was the brother of the wife. The court said:

"The first assignment of error argued is that the court was wrong in permitting the defendant to show facts in justification of his conduct without having pleaded justification. * * * It was incumbent upon the plaintiff to allege that the defendant acted in bad faith and from malicious motives. It was so alleged in the complaint. It was necessary for the plaintiff to prove this allegation in order to make a case, and he did attempt to prove it. The allegation was denied in the answer. On the issue thus made, the defendant had the right to offer any competent proof * * * that he was actuated by good motives and not by malice."

See also Prettyman v. Williamson, 17 Del. 224, 29 A. 731.

Johnson v. Allen, 100 N. C. 131, 5 S. E. 666, is cited as holding that misconduct cannot be proved unless specially pleaded. That case can hardly be considered as an authority to that effect. It

would seem from the opinion that misconduct had been pleaded. However that may be, no question of pleading had been raised, and the remark that if defendant relied upon misconduct as a defense he must allege and prove it was made arguendo.

To recover, plaintiff was required to allege and prove that he had lost the affections of his wife and that defendant was the procuring cause of such loss. To establish liability, plaintiff must prove that defendant brought about the estrangement, or aided in bringing it about, by acts knowingly and intentionally committed for that purpose. Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350; Lillegren v. W. J. Burns I. D. Agency, 135 Minn. 60, 160 N. W. 203, L. R. A. 1917B, 679; Kleber v. Allin, 153 Minn. 433, 190 N. W. 786.

Applying the rule of pleading long established in this state, and in accordance with the weight of authority elsewhere, we hold that the general denial put in issue all the facts which plaintiff was required to prove in order to establish his cause of action, and that under it defendant could present any evidence tending to show that if plaintiff has lost the affections of his wife the estrangement resulted from his own misconduct. Such evidence was not in the nature of confession and avoidance, but tended to show that the alleged loss of affection resulted from causes for which defendant was not responsible.

To show that he had possessed the affections of his wife, plaintiff offered to testify to statements made to him by her concerning her state of mind toward him. He urges the exclusion of this testimony as error.

The statute provides:

"A husband cannot be examined for or against his wife without her consent, nor a wife for or against her husband without his consent, nor can either, during the marriage or afterwards, without the consent of the other, be examined as to any communication made by one to the other during the marriage." G. S. 1923, § 9814(1).

This is a statutory adoption of the common law rule. By force of this statute neither spouse can testify to any statement or communication made by one to the other without the consent of the other. Leppla v. Minnesota Tribune Co. 35 Minn. 310, 29 N. W. 127. That the other spouse is not a party to the action and has made no affimative objection does not change the rule, for such testimony is inadmissible even after the other spouse is dead. Newstrom v. St. P. & D. Ry. Co. 61 Minn. 78, 63 N. W. 253; Beckett v. N. W. Mut. M. Aid Assn. 67 Minn. 298, 69 N. W. 923; Maynard v. Vinton, 59 Mich. 139, 26 N. W. 401, 60 Am. R. 276; Goelz v. Goelz, 157 Ill. 33, 41 N. E. 756. This prohibition applies in actions for alienation of affections, Huot v. Wise, 27 Minn. 68, 6 N. W. 425; Derham v. Derham, 125 Mich. 109, 83 N. W. 1005.

Plaintiff also urges as error the refusal to give the following instruction:

"That the burden is on the defendant to show his good faith in extending attentions and favors toward the wife of the plaintiff."

The issue at the trial was whether plaintiff had lost the affections of his wife in consequence of the acts and conduct of defendant. The burden was upon plaintiff to prove his contention, and not upon defendant to disprove it. If the defense interposed had been in the nature of a confession and avoidance, the burden would have been upon defendant to prove the facts constituting his justification. But the defense was not in the nature of a confession and avoidance. Defendant simply denied the charges made by plaintiff and directed his evidence to a refutation of such charges. We think the record fails to show a state of facts which required the giving of the requested instruction.

Order affirmed.