ANTON F. JOHNSON v. F. O. LINDQUIST.[1]

April 19, 1929.

No. 27,238.

*Fuller & Lampson* and *Harold Harris,* for appellant.

*S. Bernhard Wennerberg,* for respondent.

OLSEN, C.

Plaintiff brought suit for damages for the alienation of the affections of his wife and recovered a verdict. Defendant appeals from an order denying his motion for judgment or a new trial.

In order to recover damages for the alienation of the affections of his wife, the husband must show that the defendant took an active and intentional part in causing the estrangement and the loss of the wife's affections; that he acted wrongfully and intentionally. Lillegren v. Burns I. D. Agency, 135 Minn. 60, 160 N. W. 203, L. R. A. 1917B, 679. It must appear that defendant's wrongful acts and intentional conduct were the controlling cause which led to the estrangement. Kleber v. Allin, 153 Minn. 433, 190 N. W. 786. Exemplary or punitive damages may be allowed where there is evidence to sustain a finding that the defendant acted wilfully or wantonly and with malice or ill-will. Lockwood v. Lockwood, 67 Minn. 476, 70 N. W. 784; Mullen v. Devenney, 149 Minn. 251, 183 N. W. 350; Spangenberg v. Christian, 151 Minn. 356, 186 N. W. 700; Kleber v. Allin, 153 Minn. 433, 190 N. W. 786.

The evidence has been carefully considered. No attempt is here made to recite the testimony. There is conflict therein. It was for the jury to determine what the true facts were and to draw

reasonable inferences from the facts and circumstances found proved. There was evidence sufficient to justify the jury in finding that defendant wrongfully took an active and intentional part in alienating the wife's affections, and that he acted wilfully and with malice or ill-will, and that his acts and conduct were the controlling cause of the estrangement.

■ Defendant presented evidence tending to show prior misconduct by plaintiff towards his wife, and that her affection for plaintiff had been alienated and lost by such conduct. Plaintiff denied any misconduct, and presented his own testimony and that of other witnesses to show that he and his wife were living happily together up to the time defendant caused the change and estrangement. These were questions of fact for the jury.

■ Errors are assigned as to rulings on the admission of evidence. These rulings have been examined and found not to present any reversible error.

■ Complaint is made of the giving of one short paragraph of the charge and the refusal to give one of defendant's requests. The charge given was clear and complete and covered all issues in the case. The part complained of, standing alone, may not have been entirely accurate, but taken in connection with the entire charge it could not have misled the jury. No inaccuracy therein was called to the attention of the court and no exceptions taken to the charge at the time. The request refused was also fairly covered by the charge given and contains an assumption of fact which justified the refusal.

■ The damages of $4,000 cannot be held excessive. See cases above cited.

Order affirmed.