LOFTUS–HUBBARD ELEVATOR COMPANY v. SMITH–ALVORD
COMPANY and Others.[1]

November 6, 1903.

Nos. 13,761—(78).

**General Denial—Evidence.**

Evidence which tends to contradict the allegations of a complaint is admissible under a general denial.

**Trial—Reading Complaint.**

Counsel for defendant was permitted in this case to read to the jury the original complaint, which had been superseded by an amended complaint; but as the original is not contained in the record, and the court is not advised of its contents, it does not appear that reading it to the jury was prejudicial to plaintiff.

Action in the district court for Ramsey county to recover $200 and interest upon a promissory note. The case was tried before Orr, J., and a jury, which rendered a verdict in favor of defendant R. Smith, who alone appeared and answered. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*Cannon & Donnelly,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondent.

BROWN, J.

Action to recover upon a promissory note, in which defendant had a verdict, and plaintiff appealed from an order denying a new trial.

Several assignments of error are discussed in appellant's brief, only two of which we deem necessary to refer to particularly. The complaint alleges that on March 12, 1902, Thomas G. Alvord Company, a corporation, made and delivered its promissory note to plaintiff, by which it promised to pay to its order the sum of $200; that prior to its delivery defendant Thomas G. Alvord, Smith-Alvord Company, and R. Smith, for value, indorsed the same for the purpose of giving credit thereto with plaintiff, waiving thereby demand, notice, and protest. Defendant Smith alone answered, and he interposed a general denial.

[1] Reported in 97 N. W. 125.

Upon the trial, plaintiff offered the note sued on in evidence, upon the back of which appeared the following indorsement:

> "Waiving demand, notice and protest.
>
> > "Thos. G. Alvord.
> > "Smith-Alvord Co.
> > "R. Smith, Pres."

And rested its case, whereupon defendant offered evidence tending to show that "Smith-Alvord Co." was a corporation of which defendant Smith was president, and that the indorsement was made by him for the corporation, and as its president, and not in his own personal, individual capacity. Objection was made to this line of evidence on the ground that it was not justified by the answer. We are unable to concur with appellant in this contention. The rule is thoroughly settled in this state that any evidence which tends directly to contradict the allegations or evidence of the plaintiff is admissible under a general denial. Hanson v. Diamond Iron Min. Co., 87 Minn. 505, 92 N. W. 447. There can be no question in the case at bar but that the evidence offered by defendant, just referred to, did tend directly and positively to contradict the allegations of the complaint to the effect that Smith indorsed the note, and was personally liable for its payment. The claim made that the evidence tending to show that "Smith-Alvord Co." was a corporation was incompetent, because the articles of association were not produced, is not sound. The question whether "Smith-Alvord Co." was a corporation was merely incidental, and the evidence was properly received.

When counsel for defendant came to discuss the evidence to the jury he was permitted, over plaintiff's objection, to read and comment upon certain allegations of the original complaint, which was superseded by an amended complaint upon which the case was tried, and it is urged that this was error, for which a new trial should be granted. Only a portion of what counsel said in this connection is contained in the record—a remark to the court—and that was clearly not prejudicial to plaintiff. Counsel's remark was that the original complaint charged defendant as a maker of the note, while the amended complaint seeks only to hold him as an indorser. No prejudice could possibly result from this. And again, the original complaint is not returned to

this court.   We are not advised of its contents, and cannot say that it was prejudicial error to permit it to be read to the jury.   Of course, counsel had no right to read it to the jury, or to read any paper to them which was not properly received in evidence.   But it was incumbent upon plaintiff to show error, and this, by the failure to include the original complaint in the return to this court, and by not setting out the objectionable remarks of counsel, he has not done.

The other assignments of error—one was abandoned on the argument—do not require special mention.

Order affirmed.