## STATE v. ROY JOSEPH GADBOIS.

152 N. W. (2d) 459.

July 28, 1967—No. 40,493.

298

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from a district court judgment of conviction and denial of defendant's motion for a new trial.

On October 18, 1965, at about 5:30 p. m., a young man, allegedly this defendant, robbed a liquor store in Crystal, Minnesota. One Vernon O'Neil, ostensibly a customer, and the employee on duty at the time

were in the store when the robber entered. A third person came into the place while the holdup was in progress.

Defendant was charged with having been the person who committed the robbery and was convicted on January 25, 1966, upon a jury's verdict of guilty. His post-trial motion was denied and on this appeal it is claimed that (1) the evidence was not sufficient to sustain the verdict; (2) the trial court erred in allowing conspiracy testimony and in refusing to instruct the jury to disregard it; (3) the prosecutor in closing argument referred to a written statement which had not been admitted into evidence; (4) the prosecutor in closing argument misstated testimony; and (5) the trial court erred in refusing to grant a new trial on grounds of newly discovered evidence.

■ The evidence was sufficient to support the jury's verdict of guilty. Although Vernon O'Neil was not called as a witness, defendant was identified by the employee at the time of trial as the person who committed the robbery. In addition, the state produced a witness who had observed defendant just before he went into the liquor store and, briefly, as he left it. This witness testified that defendant had driven to the site of the robbery in the company of a person fitting O'Neil's description; that the two were together outside the liquor store for a short period of time and then separated, with O'Neil entering the liquor store first and defendant following shortly thereafter. The testimony of this witness was such to make it clearly inferable that O'Neil and defendant were working together and that, although O'Neil entered the store apparently as a customer, his real objective was to assist defendant in effecting the robbery.

The evidence developed by the defense in an effort to establish defendant's innocence does not invalidate the verdict. Defendant took the witness stand himself and denied participation in the offense, but his testimony was not so persuasive as to compel belief. Two alibi witnesses who appeared for defendant and testified that he was in their company at the time the robbery occurred based their recollection of the date in question on circumstances that the jury could have found too tenuous to be acceptable. The descriptions of defendant afforded to the police immediately after the event were not perfectly accurate but were sufficiently so to be corroborative of the identifications made at the time of the trial. Tes-

timony to the effect that witnesses had identified defendant as the robber as a result of a police "lineup" was not without probative value even though the manner of conducting the lineup was in some respects, perhaps, conducive to identification. The conflict in the testimony as to whether the person who robbed the liquor store had a crew-type haircut at the time the crime was committed was a proper factor for jury evaluation.

■ The trial court did not commit reversible error in allowing evidence tending to show that O'Neil played some part in the robbery and that defendant and he were friends or acquaintances of long standing, and there was no error on the part of the trial court in refusing to instruct the jury to disregard this evidence.

The state did not undertake to prove a conspiracy or to introduce evidence admissible only if a conspiracy was proved. See, State v. Thompson, 273 Minn. 1, 139 N. W. (2d) 490, certiorari denied, 385 U. S. 817, 87 S. Ct. 39, 17 L. ed. (2d) 56. The state produced two witnesses who identified defendant as the person who committed the robbery. It produced a third witness who, although unable to say that defendant was in fact the robber, gave a description of the robber's appearance generally conforming with the appearance of defendant. On the issue of identity, it was relevant to show that O'Neil, who had entered the store ostensibly as a customer just before the robbery occurred, was a friend and close associate of defendant.

The fact that this friendship had its inception in the State Prison is not a basis for a complaint under the circumstances of this case because the information was volunteered by defendant himself, who, when asked how long he had known O'Neil, had replied, "I knew him in Stillwater." Defendant asserts that it is inferable that O'Neil was never prosecuted for participating in the crime of which defendant was convicted. If the conviction of defendant turned upon testimony given by O'Neil at the time of trial, this would be a circumstance of considerable significance; but O'Neil was not called by the state and there is nothing in the record to show that defendant was prevented from calling O'Neil as a witness had he chosen to do so.

State v. Stockton, 181 Minn. 566, 233 N. W. 307, cited by defendant,

is distinguishable upon the ground that in that case there was no justification for showing an acquaintanceship between the defendant and a convicted criminal. Our present situation is more nearly comparable to State v. Biehoffer, 269 Minn. 35, 129 N. W. (2d) 918.

■ Prejudicial error did not result because of reference made in the state's closing argument to a statement made by the liquor store employee to the police even though the statement had not been entered in evidence. It is true that reference to written material not in evidence may cause prejudicial error. See, Loftus-Hubbard Elev. Co. v. Smith-Alvord Co. 90 Minn. 418, 97 N. W. 125. Such references to the written statement of the witness as were involved here were not of significance, we believe, in the resolution of this case, in part because the references were too ambiguous to be meaningful and in part because the statements alluded to were merely corroborative of other testimony properly in the case.

■ In debating the significance of a description of the robber given by one of the eyewitnesses immediately after the event, which included a recollection that he had a "crew cut," the prosecuting attorney called attention to a picture taken of defendant about 3 weeks after the robbery, asserting erroneously that the picture had been taken on November 28 and urging that "defendant certainly had sufficient time for his hair to grow to the stage that it is in this mug shot." No objection was made to this argument before the jury retired. Defendant's attorney had the final argument and made no attempt to correct the error, if it was one. It may not have been in view of the prosecutor's statement, "I don't recall the date * * *. I may be mistaken. You will have to rely on your own memory." We do not believe this to have been a deliberate and prejudicial misstatement of the evidence justifying reversal within the rule of State v. Pavlovich, 245 Minn. 78, 71 N. W. (2d) 173.

■ By post-trial motion defendant has argued for a new trial claiming newly discovered evidence in the form of affidavits from his mother and another person that, at the time the robbery was committed, defendant wore his hair long and not in a crew cut. The record shows that defendant's mother was present in the courtroom the first day of the trial. The fact that the liquor store employee had described the robber to police as a person with a crew cut appeared in the first day's testimony. Defendant

and the person at whose home defendant was staying were called to testify that at the time of the crime defendant had long hair rather than a crew cut. There was no indication on defendant's part of any desire to offer further evidence on the point. We therefore hold defendant's contention in this regard to be without merit.

Affirmed.