STATE of Minnesota, Respondent,

v.

Thomas Lynn MOSENG, Appellant.

No. C8–85–525.

Court of Appeals of Minnesota.

Dec. 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Steven C. DeCoster, Asst. Co. Atty., St. Paul, for respondent.

Carol Grant, Kurzman, Manahan & Partridge, Minneapolis, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

LESLIE, Judge.

This is an appeal by defendant from convictions of criminal sexual conduct in the first, second, third, and fourth degrees. Defendant raises issues of prosecutorial misconduct, improper admission of evidence, and ineffective assistance of counsel. We affirm.

## FACTS

On September 4, 1984, Thomas Lynn Moseng was charged with criminal sexual conduct in the first, second, third, and fourth degrees. He was tried before a jury and found guilty of all counts as charged.

Appellant then hired substituted counsel who sought post-conviction relief and a new trial, claiming inadequate representation of counsel. The trial court sentenced defendant to prison for fifty-four months. The court denied a motion for new trial and for acquittal.

Appellant raises three issues. First, appellant argues that the court improperly admitted for impeachment purposes a 1976 conviction for unauthorized use of a motor vehicle. Appellant also challenges the prosecutor's reference to appellant in final argument as "this character" and the labeling of defense arguments as "red herrings." Finally, appellant argues he was denied effective assistance of counsel because counsel failed to call witnesses to establish appellant's honesty and non-violence toward women, failed to undermine the credibility of prosecution witnesses, and failed to object to "other crimes" evidence.

## ISSUES

1. Did the trial court abuse its discretion in admitting for impeachment purposes a 1976 conviction for unauthorized use of a motor vehicle?

2. Did the prosecutor's conduct during final argument deprive appellant of a fair trial?

3. Did appellant receive ineffective assistance of counsel?

## ANALYSIS

■ 1. Minnesota Rule of Evidence 609 provides in pertinent part as follows:

(a) **General rule.** For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect * * *.

(b) **Time limit.** Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed * * *.

The Minnesota Supreme Court has developed a balancing approach to determine whether prior convictions should be admitted for impeachment purposes. The following five factors are to be considered: (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue. *State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978); *see Vaughn v. Love*, 347 N.W.2d 818, 821 (Minn.App.1984), *pet. for rev. denied*, (Minn. July 26, 1984).

The appellate court must sustain evidentiary rulings on admissibility of a prior conviction unless there was a clear abuse of discretion. *State v. Brouillette*, 286

N.W.2d 702, 707 (Minn.1979). In this case, the trial court denied appellant's motion *in limine* for suppression of the 1976 conviction for unauthorized use of a motor vehicle. The felony conviction was less than ten years old, and we hold that the trial court did not abuse its discretion in admitting this evidence for impeachment purposes.

2. Appellant next challenges the prosecutor's reference to appellant during final argument as "this character" and the prosecutor's use of the phrase "red herrings" to describe defense arguments. It is misconduct for a prosecutor to disparage a defendant. *See State v. Stockton*, 181 Minn. 566, 568, 233 N.W. 307, 308 (1930). Nevertheless, the prosecutor's argument may be vigorous and adversary so long as it is fair. *See Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). No single phrase is to be taken out of context as a basis for reversal; rather, the court is to consider the closing argument in its entirety and the decision to grant a new trial is left to the discretion of the trial judge. *State v. Wahlberg*, 296 N.W.2d 408, 420 (Minn.1980). The trial court's decision should be reversed on appeal only if the misconduct, "viewed in the light of the whole record, appears to be inexcusable and so serious and prejudicial that defendant's right to a fair trial was denied." *Id.* at 420.

■ Appellant argues that the prosecutor denied him a fair trial by giving the jury a "red herring" list, which included the absence of appellant's fingerprints on the knife, the simplicity of appellant's testimony, the fact that the victim changed her testimony, and her failure to file a complaint about the alleged prior sexual conduct. Nevertheless, we find that the prosecutor was merely anticipating those aspects of the evidence that the state need not prove at all but that the defense would attach unwarranted significance to in its final argument. *See State v. Johnson*, 359 N.W.2d 698, 702 (Minn.App.1984). The reference to appellant as "this character" occurred once in an off-hand comment that

the jury probably never seriously considered. We hold that these comments did not unduly prejudice appellant's right to a fair trial. *See State v. Caron*, 300 Minn. 123, 127, 218 N.W.2d 197, 200 (1974).

3. Appellant's final contention is that he was denied effective assistance of counsel because counsel failed to call witnesses to establish appellant's honesty and nonviolence toward women and to undermine the credibility of prosecution witnesses, and because counsel failed to object to testimony by the victim as to previous sexual assaults by appellant. As the United States Supreme Court recently stated, "the proper standard for attorney performance is that of reasonably effective assistance." *Strickland v. Washington*, 466 U.S. 668, ——, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The defendant has the burden of overcoming a strong presumption of counsel's reasonable conduct by showing that the errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at ——, 104 S.Ct. at 2064. Furthermore, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at ——, 104 S.Ct. at 2068.

■ There were valid tactical reasons for defense counsel's failure to call character witnesses. Although such character evidence is admissible, its introduction opens the door to the State on cross-examination to inquire into "relevant specific instances of conduct." Minn.R.Evid. 405(a). Consequently, the State would be able to ask its own witnesses, who opposed appellant's release pending appeal because they were afraid of him, about specific instances of violence towards them. Regarding defense counsel's failure to call witnesses to testify about the victim's promiscuity, defense counsel reasonably could have determined either that Minn.R.Evid. 404(c) prohibited its introduction into evidence or that such evidence would have antagonized the jury.

Appellant next contends that defense counsel's failure to object to testimony by the victim about previous sexual assaults by appellant constituted ineffective assistance of counsel. Again, we find a valid tactical reason for not objecting to such testimony. Defense counsel's theory in the case apparently was that the victim consented to sexual intercourse with appellant and that the victim's claim of prior sexual assaults, which were unreported, were also consensual and part of an ongoing relationship between the two. There was fair notice to both sides that the litigation would include the full course of the sexual relationship. Appellant himself testified that he and the victim previously had consensual sexual intercourse in his car. We are convinced that defense counsel's performance was reasonable.

### DECISION

The trial court did not abuse its discretion in admitting evidence of a prior felony conviction, the prosecutor's conduct did not deprive appellant of a fair trial, and appellant received effective assistance of counsel.

Affirmed.