**STATE of Minnesota, Respondent,**

v.

**Daniel L. FORD, Appellant.**

**No. C5-85-1065.**

Court of Appeals of Minnesota.

Feb. 4, 1986.
Review Denied March 27, 1986.

Hubert H. Humphrey, III, Atty. Gen., Thomas Johnson, Hennepin Co. Atty., Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI, and LESLIE, JJ., with oral argument waived.

## OPINION

LESLIE, Judge.

Defendant appeals his conviction for aggravated robbery, claiming that the evidence was insufficient to sustain a conviction and that the trial court committed reversible error in ruling that he could be impeached with evidence of prior convictions. We affirm.

## FACTS

On September 24, 1983, Laureen Stewart, the victim, spent the afternoon at the duplex of Andrew Logan. Appellant Daniel Ford, who had been dating Logan's sister, was also present. Stewart stated that she was interested in buying a car, and she asked appellant if he knew much about cars. Shortly thereafter, Stewart, appellant, and another left to go to a car dealership where Stewart had apparently deposited $1,000 on a car. Because Stewart no longer wanted the car, the car salesperson gave her back her deposit in cash. Appellant apparently observed this transaction. Appellant left shortly thereafter, and Stewart went back to Logan's duplex.

At approximately 7:45 p.m., someone knocked on the door of the duplex. When the door was answered, appellant was there with a man unknown to anyone there. There is some controversy but apparently this man pushed his way into the apartment. Logan asked him to leave. The man refused to do so, and Logan reached for the phone to call the police. The man then ripped the phone off the wall, pulled out a gun which he put to Logan's head, and demanded some money from Logan.

Stewart ran toward the back of the house to escape. Appellant leaped over the couch after her, apparently reaching for a weapon. When Stewart ran into the bathroom, appellant forced his way in and slammed the door on Logan's sister's hand as she tried to get in. He then told Stewart to "give it up." Stewart gave him the $1,000 because she assumed that was what he wanted and because she feared that he would hurt her if she did not do so. There is some controversy regarding whether Stewart actually saw appellant's friend's gun, and whether appellant actually had a gun with him.

Appellant was arrested and the matter went to trial. Appellant's counsel made a pretrial motion to prevent the State from impeaching appellant with evidence of a 1977 conviction for burglary and a 1981 conviction for aggravated robbery. The trial court denied appellant's motion. Ap-

pellant alleges that because of this ruling he did not testify. He appeals the conviction for aggravated robbery.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction for aggravated robbery?

2. Did the trial court commit reversible error in denying appellant's motion to prohibit the State from impeaching him with prior convictions?

## ANALYSIS

1. It is well established that appellate court review of the sufficiency of evidence is very limited. We must view the evidence most favorably to the State and assume that the jury believed the State's witnesses and disbelieved any contradictory evidence. *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978). Appellant contends that the evidence was insufficient to prove that he intended to use or to threaten to use force. *See* Minn.Stat. § 609.24 (1984).

We disagree. Evidence was presented that appellant and his friend forced their way into the apartment. His friend ripped the phone from the wall and pulled a gun on Logan. When Stewart ran for the bathroom, appellant jumped over the couch, followed her into the bathroom, slammed the door on Logan's sister's hand, and demanded that Stewart give him the money. This evidence was sufficient to enable the jury to conclude that appellant was prepared to use whatever force was necessary to get the money from Stewart.

2. Minn.R.Evid. 609(a), (b) provides that a witness may be impeached with evidence of a prior felony conviction if the court determines that the probative value of the evidence outweighs its prejudicial effect and if the conviction was not more than ten years old. Appellant contends that the trial court committed reversible error because the witness was the defendant himself, the prior crimes were similar to the present crime and not directly related to honesty, and the ruling led to appellant's failure to testify even though his testimony was important.[1]

It is well established that it is within the trial court's discretion whether to admit evidence of a prior conviction, and the appellate court will not overturn it absent a clear abuse of discretion. *See State v. Brouillette*, 286 N.W.2d 702, 707 (1979). There are five factors for the trial court to consider in determining whether the probative value of admitting the conviction outweighs its prejudicial effect:

> (1) the impeachment value of the prior crime, (2) the date of the conviction and the defendant's subsequent history, (3) the similarity of the past crime with the charged crime (the greater the similarity, the greater the reason for not permitting use of the prior crime to impeach), (4) the importance of defendant's testimony, and (5) the centrality of the credibility issue.

*State v. Jones*, 271 N.W.2d 534, 538 (Minn. 1978).

After careful analysis of these five factors, we hold that the trial court did not abuse its discretion. The prior convictions for burglary in 1977 and aggravated robbery in 1981 have legitimate impeachment

1. The State urges us to refuse to consider this issue because appellant did not testify at trial. The State relies on *Luce v. United States*, —— U.S. ——, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984), in which the United States Supreme Court, interpreting Federal Rule of Evidence 609(a), held that in order for a defendant to appeal a determination to admit prior convictions for impeachment, the defendant must testify at trial. This court is bound by *State v. Jones*, 271 N.W.2d 534, 537 (Minn.1978), in which the Minnesota Supreme Court specifically held that a defendant need not testify in order to raise this issue on appeal. Furthermore, in *State v. Graham*, 371 N.W.2d 204 (Minn.1985), a case decided seven months after *Luce*, the Minnesota Supreme Court reviewed a Minn.R.Evid. 609(a) issue raised by a defendant who failed to testify and found no abuse of discretion by the trial court in admitting prior convictions for impeachment purposes. *See also State v. Gravley*, 359 N.W.2d 681 (Minn.Ct.App.1984), *pet. for rev. denied*, (Minn. March 13, 1985) (review of 609(a) issue raised by defendant who failed to testify).

value because they allow the jury to see "the whole person" and therefore permit the jury to better judge the truth of the defendant's statements. *See Brouillette,* 286 N.W.2d at 707. In addition, although appellant's burglary conviction was eight years old, appellant spent four of those years in jail. This court has recently upheld the use of an eight-year old conviction for impeachment purposes. *See State v. Moseng,* 379 N.W.2d 154 (Minn.Ct.App. 1985). Furthermore, although the prior convictions are identical or similar to the present charge, this factor alone cannot be considered determinative. *See State v. Kvale,* 302 N.W.2d 650 (Minn.1981) (use of prior conviction for aggravated robbery when offense charged was aggravated robbery); *State v. Bettin,* 295 N.W.2d 542 (Minn.1980) (use of rape conviction when offense charged was criminal sexual conduct in third degree); *Brouillette,* 286 N.W.2d 702 (use of prior conviction for criminal sexual conduct in third degree when offense charged was criminal sexual conduct in fourth degree).

One factor weighing against use of a prior conviction is the importance of having a defendant testify at trial. A judge may preclude impeachment by even a relevant prior conviction if as a consequence of being impeached the defendant does not testify. *Bettin,* 295 N.W.2d at 546. There is no way of knowing whether appellant would have testified regardless of the trial court's ruling. We also do not know what appellant would have said had he taken the stand. It does appear that had appellant testified, his credibility would have been crucial; the jury would have had to determine whether to believe appellant or Stewart. Consequently, even if appellant had testified, the credibility factor would have weighed heavily in favor of admitting the prior convictions. We therefore find no abuse of discretion in the trial court's determination that the probative value of admitting the prior convictions outweighed their prejudicial effect.

## DECISION

Because the evidence was sufficient to sustain appellant's conviction and the trial court did not abuse its discretion in ruling that appellant could be impeached with his prior convictions, we affirm.

Affirmed.