**STATE of Minnesota, Respondent,**

v.

**Peter LONERGAN, Appellant.**

**No. C2–85–1704.**

Court of Appeals of Minnesota.

Feb. 4, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Tom Foley, Ramsey County Atty., Darrell C. Hill, Asst. County Atty., St. Paul, for respondent.

C. Paul Jones, Minnesota Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

CRIPPEN, Judge.

## FACTS

Appellant Peter Lonergan participated in the burglary of Earl's Pizza in St. Paul on April 14, 1984. He suggested the idea to two accomplices, William Welch and Kevin Rose, planned the details of the crime, drove with the two men to the scene and stayed outside. Appellant also helped plan the robbery of the owner of the restaurant. The owner was robbed outside her residence at gunpoint the next day by Welch. Appellant was later arrested and charged with third degree burglary, Minn.Stat. §§ 609.581, 609.582, subd. 3, 609.05 (1984), conspiracy to commit aggravated robbery, Minn.Stat. §§ 609.175, subd. 2(3) and 609.11 (1984), aggravated robbery, Minn.Stat. §§ 609.245, 609.11, 609.05, subd. 1 (1984), and three counts of possession of marijuana with intent to sell, distribute and deliver, Minn.Stat. §§ 152.09, subd. 1(1), 152.02, subd. 2 (3), 152.15, subd. 1(2) (1984).

Appellant's plea of guilty to third degree burglary and aggravated robbery charges was eventually accepted by the trial court. He was sentenced to an executed term of 36 months for the aggravated robbery and to a concurrent sentence of one year and one day for the burglary. Execution of sentence on the burglary was stayed and appellant was placed on probation for five years. The remaining charges were dismissed. Appellant challenges the 36 month sentence for aggravated robbery.

## DECISION

Appellant's 36 month sentence was the presumptive sentence under Minnesota Sentencing Guidelines II.E. *See* Minn.Stat. § 609.11, subd. 5 (mandatory minimum sentence for firearm related offenses). At sentencing appellant argued for a dispositional departure, citing remorse and a desire to complete chemical dependency treatment. He claims a probation officer refused to investigate the facts about his need for treatment and would not report on changes in appellant's attitudes.

The trial court had the authority to depart dispositionally. *See State v. Olson*, 325 N.W.2d 13, 18 (Minn.1982). Generally, however, we are not to mandate departure. *See State v. Abeyta*, 336 N.W.2d 264, 265 (Minn.1983).

Appellant disputes complete deference to the trial judge's decision, arguing that the sentencing worksheet did not sufficiently disclose appellant's circumstances. The law does not assume "a 100% right decision" of the trial court, an assumption appellant states and disputes, but appellate courts cannot interfere with the decision in the absence of a clear abuse of discretion. *State v. Kindem*, 313 N.W.2d 6 (Minn. 1981).

Appellant contends that he could be in the community under supervision because a co-defendant received a probation-

ary sentence. The sentence chosen for a co-defendant does not mandate a more lenient sentence for appellant. *State v. Vazquez*, 330 N.W.2d 110, 112–13 (Minn. 1983).

Affirmed.