**STATE of Minnesota, Respondent,**

v.

**Richard C. GRIFFIN, Appellant.**

No. C2–85–1864.

Court of Appeals of Minnesota.

May 13, 1986.

Review Denied June 19, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, Public Defender, Mary C. Cade, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by SEDGWICK, P.J., and PARKER and FORSBERG, JJ., with oral argument waived.

## OPINION

SEDGWICK, Judge.

Appellant Richard Griffin was convicted of simple robbery, Minn.Stat. § 609.24 (1984). On appeal he contends the evidence was insufficient to sustain his conviction, and the trial court erred in ruling his prior convictions could be used for impeachment if he testified and in imposing the presumptive executed sentence of 54 months under the Minnesota Sentencing Guidelines. We affirm.

## FACTS

Around midnight on January 20, 1985 Tracy Gazett was in her car waiting for a tow truck. As she waited, a man opened the car door, demanded her purse and punched her in the face and head. Gazett noticed he was carrying a white garbage bag. He grabbed her purse. Gazett kicked him and managed to get out the passenger door just as the tow truck pulled up. The assailant fled on foot and Mel Hodsvon, the tow truck driver, pursued him in his truck. Thomas Ranallo was in the vicinity and also gave chase. A squad car was flagged down and police officers chased the suspect on foot and by car. They had been given a general description of the suspect from Gazett as a black male, about 5′8″, wearing a light-colored cap. As the officer in the squad car approached a nearby intersection he saw a black male trotting. Gazett, who was in the squad car, told the officer that the man running was the assailant. The man, later identified as appellant, was arrested. Prior to his arrest, appellant dropped the garbage bag and red stadium blanket he was carrying. Both Hodsvon and Ranallo were present at appellant's arrest.

A man's black leather left-hand glove was found next to the driver's door of Gazett's car; a black leather right-hand glove was taken from appellant after his arrest. Police later recovered a purse from the location where Ranallo had indicated he saw the assailant throw it. Police also recovered a brown make-up compact which Gazett identified as hers, miscellaneous papers and an identification case with Gazett's name.

At trial Gazett could not identify appellant as her assailant because a scarf covered his face during the incident, but she did identify the garbage bag, overcoat, scarf, stocking cap and plastic shower cap seized from appellant after his arrest. Hodsvon and Ranallo testified that the man they chased from the scene of the robbery was the man arrested by the police. Appellant did not testify. Appellant was convicted of simple robbery and sentenced to a prison

term of 54 months, based on a criminal history score of 6 and a severity level V offense.

## ISSUES

1. Was the evidence sufficient to sustain appellant's conviction for simple robbery?

2. Did the trial court abuse its discretion in ruling that appellant's prior convictions were admissible for impeachment purposes?

3. Did the trial court abuse its discretion in imposing the presumptive sentence under the Minnesota Sentencing Guidelines?

## ANALYSIS

### I.

 Evaluating the credibility of witnesses is the exclusive function of the jury. *State v. Pieschke,* 295 N.W.2d 580, 584 (Minn.1980) (citation omitted). The jury could reasonably have concluded that appellant was the assailant despite the lack of an in-court identification by the witnesses. The physical evidence and the testimony of the victim and the two witnesses who pursued the assailant were clearly sufficient to establish that appellant was the perpetrator of the crime.

### II.

■ The trial court ruled that appellant's convictions for attempted robbery in 1979, escape in 1980, robbery in 1982, theft of public funds in 1984 and felony damage to property in 1984 were admissible for impeachment if appellant testified. Under Minn.R.Evid. 609 and *State v. Jones,* 271 N.W.2d 534, 537–38 (Minn.1978), no abuse of discretion has been demonstrated. *See State v. Ford,* 381 N.W.2d 30, 32–33 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Mar. 27, 1986).

### III.

■ The trial court rejected appellant's request for a downward dispositional de-

parture to allow him to receive treatment for chemical abuse, but recommended he be given the opportunity to obtain chemical dependency treatment while in prison.

There are no substantial and compelling reasons which require reversal of the trial court's decision to impose the presumptive sentence under the sentencing guidelines. *State v. Kindem,* 313 N.W.2d 6, 7 (Minn. 1981). *See State v. Lonergan,* 381 N.W.2d 51, 52 (Minn.Ct.App.1986).

## DECISION

Evidence was sufficient to sustain appellant's conviction for simply robbery. The trial court did not abuse its discretion in ruling that appellant's prior convictions were admissible for impeachment or in imposing the presumptive sentence.

Affirmed.