# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JULY 1997 SESSION

FILED

September 09, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

STATE OF TENNESSEE,          )
                             )   NO. 02C01-9607-CR-00230
         Appellee,           )
                             )   SHELBY COUNTY
VS.                          )
                             )   Hon. Joseph B. Dailey, Judge
ABRAHAM GALMORE,             )
                             )   (Especially Aggravated Robbery and
         Appellant.          )   Criminally Negligent Homicide)


**FOR THE APPELLANT:**

**A. C. WHARTON, JR.**
Shelby County Public Defender

**W. MARK WARD (on appeal)**
Assistant Public Defender
147 Jefferson, Suite 900
Memphis, TN 38103

**LOYCE D. LAMBERT (at trial)**
**RONALD S. JOHNSON (at trial)**
Assistant Public Defenders
Shelby County Public Defender's Office
201 Poplar Avenue, Second Floor
Memphis, TN 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELLEN H. POLLACK**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**TERRELL L. HARRIS**
**DAVID C. HENRY**
Assistant District Attorneys General
201 Poplar Avenue, Third Floor
Memphis, TN 38103


**OPINION FILED:** _____


**AFFIRMED**


**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Abraham Galmore, was convicted by a Shelby County jury of especially aggravated robbery and criminally negligent homicide. He was sentenced as a Career Offender to sixty (60) years and six (6) years, respectively, for the offenses. Defendant's sole issue presented on appeal is whether the trial court erred in ruling that, if defendant chose to testify, the state could impeach him by inquiring on cross-examination if he had been convicted of an unnamed felony. The judgment of the trial court is affirmed.

**I.**

Because defendant does not challenge the sufficiency of the convicting evidence, only a brief recitation of the facts is necessary. On December 14, 1993, defendant and James Hathaway entered the Keyport Self-Storage Office in Memphis. Elbert and Maxine Swartz, who managed the establishment, resided on the premises. Mr. and Mrs. Swartz were held at gunpoint while defendant and Hathaway searched the residence for money.

At some point during the incident, Mrs. Swartz was shot, and her throat was cut. Mr. Swartz was stabbed several times and shot, and his throat was cut. Mrs. Swartz survived the incident; however, Mr. Swartz was pronounced dead at the scene.

Defendant and Hathaway left the building with bank bags containing approximately $3,000, as well as two (2) watches and other jewelry items.

Defendant subsequently confessed to his involvement in the robbery.

After a jury trial, defendant was found guilty of especially aggravated robbery and criminally negligent homicide. From these convictions, defendant brings this appeal.

## II.

Defendant's sole assignment of error is that the trial court erred in ruling that, if he chose to testify, the state would be allowed to impeach him by inquiring on cross-examination if he had been convicted of an unnamed felony. He claims that the jury could only speculate as to what the unnamed felony was, giving no guidance in their assessment of his credibility. He contends that this ruling was the basis for his refusal to testify and, therefore, deprived him of his only means of defending himself against the state's charges.

Pursuant to Tenn. R. Evid. 609(a)(3), the state gave written notice of its intent to impeach the defendant with six (6) prior burglary convictions and one (1) prior robbery conviction. The trial court conducted a hearing prior to trial to determine if the convictions' probative value on the issue of credibility outweighed their unfair prejudicial effect. The trial court ruled that the state would be allowed to use the six (6) prior burglary convictions for impeachment purposes. Defendant does not contest this ruling. However, with regard to the robbery conviction, the trial court stated:

> The robbery case -- I agree that robbery is certainly the type of offense that could be used for impeachment purposes if the defendant were not on trial for a robbery. In my opinion, to allow the offense of robbery -- the prior conviction for the offense of robbery -- to get before the jury, at least in that form, would, in all likelihood, create a situation where the prejudicial effect outweighed any probative value, . . . So to use that robbery conviction - at least, in that form - I will not allow.

> But what I may allow - and I will have to wait and see -- I will reserve ruling on this until at least the end of the State's case - but I am inclined to allow the use of that conviction simply by asking, "Isn't it true that you are the same Abraham Galmore that was convicted of a felony on September 1, 1992, in indictment 92-02608, and received a sentence of X years," or whatever?

> That, I think, would allow the State -- or even perhaps a felony involving -- Well, I might just leave [it] at that, but -- or some wording to suggest a felony involving honesty or moral turpitude - something of that -- I will give that some consideration.

. . .

> So I will definitely allow the six burglaries and I will, in all likelihood, allow the seventh felony - the robbery - but just to be asked in a different manner, and we can discuss that further as you get

closer to the close of your proof and Defense begins their determination as to whether they want to call their client to the stand.[1]

In State v. Summerall, 926 S.W.2d 272 (Tenn. Crim. App. 1995), this Court held that it is error to allow the state to impeach the defendant by inquiring whether he had been convicted of an unnamed felony.[2] In so holding, the court stated that "a 'generic' felony provides inadequate information for the jury to properly weigh its probative value." Id. at 277. Thus, allowing the state to mention the "generic" felony would have little, if any, probative value. Consequently, the undue prejudicial effect of the unnamed felony outweighs its probative value. Id. However, our Court in Summerall did not specifically condemn the use of the words "felonies involving dishonesty." Id.; *see also* State v. Ross Jones, C.C.A. No. 01C01-9405-CR-00175 (Tenn. Crim. App. filed February 8, 1995, at Nashville). Based upon Summerall, however, the admission of a prior conviction of "a felony" without further identification would have been improper.

Our inquiry does not end here, however. We must now determine whether the trial court's ruling was reversible error based upon the record before us. In order to make this determination, Tenn. R. Evid. 609(a)(3) must be analyzed. Tenn. R. Evid. 609(a)(3) provides that an accused "need not actually testify at the trial to later challenge the propriety of the determination." *See* State v. Blanton, 926 S.W.2d 953, 959 (Tenn. Crim. App. 1996). This rule is contrary to Fed. R. Evid. 609 as interpreted by Luce v. United States, 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984).

In Luce, the United States Supreme Court held that a non-testifying defendant was not entitled to pursue an appeal on the basis that the trial court erred in ruling that the state could use a prior conviction to impeach him, should he testify. The Court noted that an appellate court is "handicapped" from making a determination whether the prejudicial effect of the proposed impeachment evidence

---

[1] Although it is arguable that this entire issue is waived due to the failure to secure a definitive ruling from the trial court, subsequently in the trial transcript it appears the trial court intended to abide by the earlier ruling.

[2] In fairness to the trial court, Summerall was not filed until after the trial of this case.

is outweighed by its probative value when the court does not know the "precise nature of the defendant's testimony." 469 U.S. at 41, 105 S.Ct. at 463. Moreover, the Court observed that an accused's decision to testify "seldom turns on the resolution of one factor," and an appellate court "cannot assume that the adverse ruling motivated a defendant's decision not to testify." 469 U.S. at 42, 105 S.Ct. at 463. (citing New Jersey v. Portash, 440 U.S. 450, 467, 99 S.Ct. 1292, 1301, 59 L.Ed.2d 501 (1979)(Blackmun, J., dissenting)).

Several jurisdictions have opted to follow the United States Supreme Court directive in their state version of Rule 609 by requiring the defendant to testify in order to properly preserve the issue on appeal. *See* Smith v. State, 778 S.W.2d 947 (Ark. 1989); State v. Brown, 782 P.2d 1013 (Wash. 1989); Vaupel v. State, 708 P.2d 1248 (Wyo. 1985). Other jurisdictions have refused to follow Luce and allow a Rule 609 issue to be raised regardless of whether the accused testifies. *See* State v. Ford, 381 N.W.2d 30 (Minn. Ct. App. 1986); State v. Whitehead, 517 A.2d 373 (N.J. 1986); People v. Moore, 548 N.Y.S.2d 344 (N.Y. App. Div. 1989); Commonwealth v. Richardson, 500 A.2d 1200 (Pa. 1985). Yet, other jurisdictions, while not compelling that the defendant actually testify to preserve the issue for purposes of appeal, do require that the defendant create an adequate record concerning the proposed testimony. *See* Wickham v. State, 770 P.2d 757 (Alaska Ct. App. 1989); State v. McClure, 692 P.2d 579 (Or. 1984); Hansen v. State, 592 So.2d 114 (Miss. 1991). We find the third view to be the most persuasive.

Tenn. R. Evid. 609(a)(3) allows the accused to raise the admissibility of prior convictions on appeal without actually testifying at trial; however, we do not believe that its intent is to mandate reversal whenever the trial court wrongfully rules that a prior conviction will be admissible if defendant testifies. Otherwise, a defendant with no intention of testifying could automatically secure a reversal if the trial court improperly determined that a prior conviction would be admissible. In short, the ability to raise the issue on appeal without testifying at trial does not necessarily equate with reversal on appeal.

At least two things must occur before a defendant who does not testify at trial

can be successful on appeal based upon the trial court's ruling on the admission of prior convictions. Firstly, it must appear from the record that the defendant did not testify "because of an unfavorable ruling on admissibility of a prior conviction." Tenn. R. Evid. 609, Advisory Commission Comments. The best method of addressing this issue is through the testimony of the defendant out of the presence of the jury. Secondly, the defendant should make an offer of proof as to the proposed trial testimony so that the appellate court will be able to assess the impact of the trial court's ruling. State v. Baxter, 938 S.W.2d 697, 703 (Tenn. Crim. App. 1996); N. Cohen, D. Paine & Sheppeard, Tennessee Law of Evidence, § 609.9 (3d ed. 1995). We regret that this procedure can be time-consuming for the already over-burdened trial courts. Nevertheless, in light of the language of Tenn. R. Evid. 609(a)(3) and the need of our appellate courts to properly assess the impact of the trial court's ruling, such a procedure appears to be the only sensible solution.

In the case *sub judice*, defendant has failed to demonstrate that he was prejudiced by the trial court's ruling. Although defendant acknowledged out of the jury's presence that he understood the trial court's prior ruling concerning the robbery conviction and did not wish to testify, the record is silent as to whether he intended to testify if the generic felony was not admitted.[3] Furthermore, there was no offer of proof as to his proposed trial testimony. Having failed to demonstrate prejudice, defendant is not entitled to appellate relief.

In addition, any error was clearly harmless. Tenn. R. App. P. 36(b). The evidence against the defendant, including his confession, was overwhelming. The trial court ruled that the state could impeach the defendant with six (6) prior burglary convictions. It is well-settled that burglary convictions are probative on the issue of credibility. State v. Dishman, 915 S.W.2d 458, 463 (Tenn. Crim. App. 1995); State v. Tune, 872 S.W.2d 922, 927 (Tenn. Crim. App. 1993). As such, these convictions were clearly admissible for impeachment purposes if defendant chose to testify. Moreover, defendant does not contest the admissibility of these convictions. In the

_____

[3] In view of the evidence and the admissibility of six (6) prior burglary convictions, we sincerely doubt that the proposed admissibility of the generic felony had any impact on his decision not to testify.

context of the entire record, we conclude that the trial court's ruling as to the generic felony was at most harmless error.

Accordingly, the judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**

7